## ANNIE G. HALL v. HENRY HOLLAND.[1]

### November 30, 1917.

### Nos. 20,564.

**Abandonment of homestead — lien of judgment.**

1. Where plaintiff ceased to occupy her homestead for 16 consecutive months, and failed to file a notice with the register of deeds, describing the premises and claiming the same as her homestead, she is deemed to have abandoned the same, and a judgment of record in the county attaches as a lien against the same after the lapse of 6 months from the time plaintiff ceased to occupy the premises.

**Same — evidence of intention to return excluded.**

2. It was not error, under the proofs in this case, to exclude testimony as to the intent of the claimant to return and retain the premises in question as her homestead.

Action in the district court for Ramsey county to restrain defendant from proceeding with an execution sale of plaintiff's homestead. The answer denied that plaintiff occupied the property as her homestead and averred that, from the time of its purchase up to the summer of 1916, plaintiff did not use or occupy it as her homestead, but occupied another residence in the city of St. Paul, and that it was subject to the lien of the judgment described in the complaint. The case was tried before Dickson, J., who made findings and ordered judgment in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*John A. Pearson,* for appellant.

*Daniel J. Hollihan,* for respondent.

[1]Reported in 165 N. W. 235.

QUINN, J.

Action to restrain defendant from proceeding with an execution sale of plaintiff's homestead. At the conclusion of the trial, the district court dissolved the temporary writ and denied the relief asked for. From an order denying her motion for a new trial plaintiff appealed.

In May, 1911, plaintiff purchased a house and lot at 104 Snelling avenue, in the city of St. Paul, which she, with her two minor sons, occupied as a homestead until April, 1915, when she went to keep house for her sons on Cook street, one of the sons having engaged in business near that place. The plaintiff rented her home on Snelling avenue, retaining a key to the dwelling and reserving the third floor thereof in which she left some of her household effects. She kept house for the boys and helped about the store until June, 1916, when she undertook nursing about the city. According to her own testimony she did not return to her place on Snelling avenue to remain over night or to occupy the same, otherwise than to leave her few belongings in the room on the third floor, until in September, 1916, when she and one of the boys returned and slept there a portion of the time, and she was living there at the time of the execution levy thereon, which is here in question. No notice of plaintiff's claim of her homestead rights was ever filed in the office of the register of deeds of the county, as permitted by section 6963, G. S. 1913.

The defendant held a judgment in the sum of $784.65 and accrued interest, against the plaintiff and her deceased husband, and on October 31, 1916, caused execution to issue thereon. The sheriff of the county levied upon the premises to satisfy such execution, and the temporary injunction issued herein was served on December 18, 1916.

Upon the trial the plaintiff offered to show her financial condition, and that it was her intention during all the times subsequent to her leaving the premises in May, 1915, to return to and retain the same as her homestead. Upon objection this testimony was excluded.

The trial court, in its decision, found that plaintiff was entitled to no relief; that defendant's judgment against plaintiff was a lien upon the property; that the property may be sold to satisfy the lien, and that the temporary injunction be dissolved.

The plaintiff was unfortunate, if she wished to retain the premises as

her homestead, not to have filed a notice claiming the same as her homestead, as required by the statute. Section 6963, G. S. 1913, provides, in part, as follows:

"But if he shall cease to occupy such homestead for more than six consecutive months he shall be deemed to have abandoned the same unless, within such period, he shall file with the register of deeds of the county in which it is situated a notice, executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as his homestead. * * *"

The result of the failure to file such notice is inevitable. Plaintiff had ceased to occupy the premises from April, 1915, to September, 1916, a period of about 16 months.

The judgment became a lien against the property upon the lapse of 6 months from the time plaintiff ceased to occupy the same, and the fact that she returned and made it her home after an absence of 16 months, but before the levy under the execution, does not defeat the lien. Where there has been a loss of exemption of a homestead by abandonment, a resumption of occupancy as a home does not have a retroactive effect, but merely gives a new right as of the date of the resumption. Clark v. Dewey, 71 Minn. 108, 73 N. W. 639.

While it is proper, speaking generally, to allow proof of a homestead claimant's intention to return and retain the premises as a homestead, yet in this case the plaintiff's own testimony was conclusive against her, and the exclusion of the proof of her intention was without prejudice to her rights.

Affirmed.